IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 7, 2018

**STATE OF TENNESSEE v. CHRISTOPHER OSTEEN**

**Appeal from the Circuit Court for Madison County**
**No. 11-75     Donald H. Allen, Judge**

_____

**No. W2018-00380-CCA-R3-CD**

_____

The Defendant, Christopher Osteen, appeals as of right from the Madison County Circuit Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Defendant complains that the trial court improperly enhanced his sentences based upon judicially determined facts in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). Additionally, he asserts that he received the ineffective assistance of counsel because his trial counsel failed to object to the aforementioned *Blakely* violation. Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Christopher Osteen, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On direct appeal, this court summarized the case as follows:

On September 21, 2011, a Madison County jury convicted the defendant of burglary, a Class D felony; reckless aggravated assault, a Class D felony; unlawful possession of a weapon with the intent to go armed, a Class A misdemeanor; evading arrest, a Class A misdemeanor; and resisting arrest, a Class B misdemeanor. The convictions were based on the [D]efendant's actions early on the morning of September 26, 2010,

when he broke into the Old County Store in Jackson and stole food items, fled from officers who responded to the store's alarm, fought with the officers who tackled him to the ground, shot one officer in the forearm, and attempted to shoot a second officer before being disarmed and subdued by the officers.

*State v. Christopher Lance Osteen*, No. W2011-02714-CCA-R3-CD, 2013 WL 298042, at \*1, (Tenn. Crim. App., at Jackson, Jan. 25, 2013), *perm. app. denied* (Tenn. June 11, 2013). On appeal, the Defendant contended that the trial court should not have considered any criminal convictions in the presentence report that were not contained in the State's notice of intent to seek enhanced punishment in determining his sentences. This court affirmed the trial court's judgments. *Id.* at \*3.

The Defendant filed, *pro se*, a petition for post-conviction relief, alleging that he was sentenced in violation of *Blakely*, that the State failed to provide a notice of intent to seek enhanced punishment at sentencing, and that the sentencing range was incorrect. *Christopher Lance Osteen v. State*, No. W2014-01258-CCA-R3-PC, 2015 WL 12978204, at \*1 (Tenn. Crim. App., at Jackson, August 17, 2015), *no perm. app. filed*. The post-conviction court summarily dismissed the petition, finding that the Defendant had waived all claims because he had failed to raise them in his motion for new trial or on direct appeal. *Id.* The post-conviction court also noted that the State's notice of intent to seek an enhanced sentence had been filed three months before trial and that there were sufficient felony convictions to sentence the Defendant as a Range II, multiple offender. *Id.* This court concluded that the post-conviction court properly dismissed the petition. *Id.*

On January 31, 2018, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant alleged that he was sentenced in violation of *Blakely* and that he received the ineffective assistance of counsel because his attorney failed to object to the violation. The trial court summarily denied the motion, finding that the Petitioner had failed to state a colorable claim. It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, the Defendant maintains that he is entitled to relief because he was sentenced in violation of *Blakely* and because his attorney failed to object to the violation. Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, so *de novo* review applies. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Rule 36.1 provides that a defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the

trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id*. If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"[F]ew sentencing errors [will] render [a sentence] illegal." *Wooden*, 478 S.W.3d at 595. Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id*. Conversely, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" will not rise to the level of an illegal sentence. *Id*.

The Defendant's claim of a *Blakely* violation, if true, would not render the judgment void. This court has previously held that a *Blakely* violation would not rise to the level of an illegal sentence for Rule 36.1 purposes. *See State v. Rafael Antonio Bush*, No. M2014-01193-CCA-R3-CD, 2014 WL 7204637, at *4 (Tenn. Crim. App., at Nashville, Dec. 18, 2014), *perm. app. denied* (Tenn. Mar. 12, 2015). That holding is consistent with this court's holdings in habeas corpus cases that a *Blakely* violation would render a sentence merely voidable, not void. *See Jackie F. Curry v. Howard Carlton, Warden*, No. E2011-00607-CCA-R3-HC, 2011 WL 4600621, at *5 (Tenn. Crim. App., at Knoxville, Oct. 6, 2011), *no perm. app. filed*; *Gene Shelton Rucker v. State*, No. E2010-00440-CCA-R3-HC, 2010 WL 4324320, at *2 (Tenn. Crim. App., at Knoxville, Nov. 1, 2010), sub history; *Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), *perm. app. denied (Tenn. April7, 2008)*. Because a *Blakely* violation does not meet the Rule 36.1 definition of an illegal sentence and does not establish a void or otherwise illegal judgment, the Defendant has failed to state a colorable claim for relief.

The Defendant also argues that he received ineffective assistance of counsel for which he is entitled to relief under Rule 36.1. However, "a Rule 36.1 motion to correct illegal sentence is not the proper mechanism by which to challenge the sufficiency of trial counsel," and this claim is merely an appealable error that does not render his sentence illegal and void. *State v. Maurice Allen Mills, Jr*., No. E2016-01118-CCA-R3-CD, 2017 WL 1437166, at *2 (Tenn. Crim. App., at Knoxville, Apr. 21, 2017), *no perm. app. filed*; *See State v. Markhayle Jackson*, No. W2015-02068-CCA-R3-CD, 2016 WL 7664771, at

\* 2 (Tenn. Crim. App., at Jackson, May 31, 2016), *no perm. app. filed*. The appropriate remedy for an ineffective assistance of counsel claim is through the Post-Conviction Procedure Act.

Accordingly, the Defendant has failed to state a colorable claim that his sentence is illegal, and he is not entitled to relief.

### III. Conclusion

Based upon the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE